UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

David A. Foreman                                      Civil Action 04-0820

versus                                      Judge Tucker L. Melançon

Kyle J. Grammar, et al                          Magistrate Judge C. Michael Hill

**JUDGMENT**

Before the Court is a Motion For New Trial filed by Certain Underwriters at Lloyd's [Rec. Doc. 34] and the Opposition To Motion For New Trial filed by defendants Chet Morrison Contractors, Inc. Kyle Grammar and Steadfast Insurance Company [Rec. Doc. 38]. In its motion, Lloyd's moves the Court to reconsider the July 13, 2005 Judgment on Lloyd's motion for summary judgment [Rec. Doc. 32]. Lloyd's contends that "there are additional arguments that the court should consider regarding why the 'insured contract' exception to the [Watercraft] exclusion is not applicable." *R. 34.*

A motion to reconsider a dispositive pretrial motion is analogous to a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), when it is served within ten (10) days of the Court's ruling. *See Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990). Because defendant seeks relief from a motion for summary judgment, the Court treats its motion as a motion to alter or amend the summary judgment pursuant to Rule 59(e) rather than a motion for new trial as such. *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 784, n. 1 (5th Cir.1996)

(considering motion for new trial as a Rule 59(e) motion to reconsider entry of summary judgment). Rule 59(e) affords the Court significant discretion when deciding whether to alter or amend its judgment. *Id*. at 174. While Rule 59(e) does not set forth any specific grounds for relief, courts have generally considered four factors: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or fact upon which the judgment is based; or (4) prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002); *Fields v. Pool Offshore, Inc.*, 1998 WL 43217 at *2 (E.D.La. Feb.3, 1998).

The Court finds that Lloyd's has failed to raise any ground upon which its motion should be granted. Moreover, the Court's ruling was based on its consideration of the record of this matter as well as the applicable law. Accordingly,

IT IS ORDERED that the Motion For New Trial filed by Certain Underwriters at Lloyd's [Rec. Doc. 34] is DENIED.

Thus done and signed this 8th day of August, 2005 at Lafayette, Louisiana.

Tucker L. Melançon
UNITED STATES DISTRICT JUDGE